OPINION
{¶ 1} These timely consolidated appeals come for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Gregory Doak, appeals the decisions of the Columbiana County Court of Common Pleas. First, he appeals the trial court's initial decision to accept his guilty plea and the sentence the trial court subsequently imposed. Second, he challenges the trial court's decision denying his motion to withdraw that plea. In these appeals, Doak raises four issues. First, he contends the trial court did not conduct a sufficient inquiry into whether his anti-depressant medication affected his ability to enter a guilty plea. Second, Doak raises an ineffective assistance of counsel claim against counsel that represented him from his indictment through his initial plea, as well as against counsel that filed the motion to withdraw his plea. Finally, he challenges whether the trial court properly sentenced him to the maximum allowable sentence.
 {¶ 2} Finally, a trial court must ensure that a defendant is acting knowingly, intelligently, and voluntarily when pleading guilty. But the fact that Doak was prescribed medication which could make him confused does not mean he was incompetent to plead guilty when he had not taken his medication that day, he stated that nothing prevented him from understanding the guilty plea proceedings, and he engaged in a meaningful dialogue with the trial court.
 {¶ 3} Next, in order to prove that trial counsel is ineffective, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. When arguing the ineffective assistance of counsel in a motion to withdraw a plea, the defendant must show that counsel's ineffectiveness affected whether the defendant made a knowing and voluntary plea. Doak argues that counsel was ineffective for a variety of reasons. But he fails to demonstrate that the alleged ineffectiveness affected whether his plea was knowing and voluntary and that there is a reasonable possibility that, but for counsel's actions, the result of the proceedings would have been different.
 {¶ 4} Finally, a trial court must make certain findings and give its reasons for those findings when sentencing a defendant for a felony. But if the trial court imposes a sentence which is jointly recommended by the defendant and the prosecutor and that sentence is authorized by law, then the sentence is not reviewable. In this case, the sentence the trial court imposed was jointly recommended and authorized by law, so Doak cannot appeal that sentence. Since each of Doak's arguments are meritless, the trial court's decisions are affirmed.
 Facts {¶ 5} On May 3, 2002, Doak was indicted for one count of aggravated murder, one count of attempted aggravated murder, one count of aggravated burglary, and one count of violating a protection order. The first three counts all contained a firearm specification. The indictment did not contain a death penalty specification.
 {¶ 6} This indictment arose from an incident which occurred on April 7, 2002. Apparently, Doak was estranged from his wife, Angela, and believed Teresa Stoffer caused their estrangement. On the day in question, Doak took a SKS assault rifle to Angela's home, shot his way in, and chased her outside. Doak did not kill Angela, but shot and killed her neighbor, Stoffer.
 {¶ 7} At his arraignment Doak pled not guilty to all charges. But he subsequently entered into a plea agreement with the State. The State agreed to nolle two counts, those for aggravated burglary and violation of a protective order, in exchange for Doak's guilty plea to aggravated murder and attempted aggravated murder. The State also agreed to recommend a sentence of life imprisonment with a possibility of parole after serving twenty years for the aggravated murder charge to run concurrent with a maximum sentence of ten years imprisonment for the attempted aggravated murder charge.
 {¶ 8} The trial court held a guilty plea and sentencing hearing. During that hearing, the trial court established that Doak was taking anti-depressant medication which causes confusion, although not on that morning. Nevertheless, the trial court found after engaging in a colloquy with him that Doak's guilty plea was voluntary and that he had a full understanding of the consequences of his pleas. The trial court then sentenced Doak in accordance with the State's recommendation.
 {¶ 9} After he was sentenced, Doak moved to withdraw his guilty plea. In that motion, Doak claimed that he should be allowed to withdraw his plea since his counsel was ineffective by not properly investigating his case, by not preparing for trial, by not sufficiently reviewing Doak's case with him, by allowing Doak to plead guilty when his medication caused him to be confused, and by allowing the State to violate his right to a speedy trial. The trial court appointed new counsel to represent Doak. After a hearing, the trial court denied the motion, concluding that Doak had the effective assistance of counsel and that he was brought to trial within the required time period.
 {¶ 10} After Doak appealed from both this sentencing entry and the entry denying his motion to withdraw his guilty plea, we consolidated his appeals. One of the assignments of error in each of these appeals addresses the same subject matter, whether the medication Doak was taking at the time he pled guilty prevented him from making a knowing, intelligent, and voluntary plea. Accordingly, those assignments of error will be dealt with together.
 Medication's Affect on Guilty Plea {¶ 11} Doak's first and third assignments of error alleges:
 {¶ 12} "Whether the lower court erred by failing to conduct a reasonable inquiry as to the effects of the prescribed medications the Defendant/Appellant was taking, even when put on notice that one of the medications caused confusion."
 {¶ 13} "Whether the lower court erred by failing to allow the Defendant/Appellant to withdraw his previously entered guilty plea."
 {¶ 14} Doak argues the trial court erred when it accepted his guilty plea since Doak admitted during his guilty plea hearing that he was taking medication which confused him. He believes the trial court had an obligation to conduct a more searching inquiry into the contemporaneous effects of his medications on his ability to render a knowing and intelligent plea. In response, the State argues the trial court must only conduct a reasonably probing inquiry into the medication's effects and that it did so in this case.
 {¶ 15} The due process clauses of both the United States and Ohio Constitutions require that guilty or no contest pleas be made knowingly, intelligently, and voluntarily. Parke v. Raley
(1992), 506 U.S. 20, 28-30; State v. Engle (1996),74 Ohio St.3d 525, 527. If the defendant does not knowingly, intelligently, and voluntarily plead guilty to an offense, then the plea is void. State v. Shuttlesworth (1995),104 Ohio App.3d 281, 285. A defendant is unable to knowingly, intelligently, and voluntarily plead guilty to an offense if he lacks the capacity to understand the nature and object of the proceedings against him. State v. Davis, 7th Dist. No. 00 CO 61, 2002-Ohio-3853, ¶ 13, quoting Drope v. Missouri (1975),420 U.S. 162, 171. But a defendant's plea is not void solely because he is taking an antidepressant medication. State v. Baier (June 30, 1999), 7th Dist. No. 98-BA-11; R.C. 2945.37(F).
 {¶ 16} In dealing with an argument similar to Doak's, we recently emphasized that a criminal defendant is presumed to be mentally competent and bears the burden of rebutting this presumption. Davis at ¶ 14, citing State v. Filiaggi (1999),86 Ohio St.3d 230, 236; R.C. 2945.37(G). A reviewing court must give extreme deference to a trial court's determination that a defendant is competent to knowingly, intelligently, and voluntarily accept a plea. Id.; see, contra, State v. Senich, 8th Dist. No. 82581, 2003-Ohio-5082, ¶ 18 (Appellate court uses a de novo standard when reviewing a trial court's decision to accept a guilty plea).
 {¶ 17} Crim.R. 32.1 governs when a defendant can withdraw a guilty plea. It provides:
 {¶ 18} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Id.
 {¶ 19} When, as in this case, the movant seeks to withdraw his guilty plea after the trial court has imposed a sentence, he bears the burden of establishing the existence of a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A defendant can only establish a manifest injustice in "extraordinary cases." Id. at 264. But the ineffectiveness of counsel when a defendant is entering a guilty plea can be a manifest injustice that the defendant may use as the basis for a motion to withdraw a guilty plea. See State v.Xie (1992), 62 Ohio St.3d 521.
 {¶ 20} The decision over whether to grant a motion to withdraw a guilty plea lies in the sound discretion of the trial court and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Smith at paragraph two of the syllabus. Accordingly, this court can only reverse the trial court's decision to deny a motion to withdraw a guilty plea if the trial court abuses its discretion. Id. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 21} In support of his argument, Doak cites United Statesv. Parra-Ibanez (1st Cir. 1991), 936, F.2d 588. The State attempts to limit Parra-Ibanez by explaining the First Circuit's subsequent caselaw. But Ohio court's have repeatedly addressed this issue. Accordingly, there appears no need to rely on federal law to decide if Doak's plea was knowing, intelligent, and voluntary.
 {¶ 22} If a defendant tells the trial court that he is taking medication when he is pleading guilty, then the trial court must ensure that the defendant is competent at the time he is entering his plea. See Davis. In doing so, the trial court does not need to hold a hearing; a colloquy with the defendant can establish the defendant's competence. Id.
 {¶ 23} Caselaw provides several examples of inquiries which were sufficient to establish that a defendant's medication did not render him incompetent to plead guilty to an offense. InBaier, the defendant appeared at his guilty plea hearing under the influence of both Zoloft, an antidepressant, and sleeping pills. The trial court continued the hearing. At the second hearing, the defendant stated that he was still taking Zoloft, but that he had not taken sleeping pills the night before. When asked if he was clear headed, the defendant responded in the affirmative. This court stated that the trial court "did everything it could to ensure appellant's mind was not affected by medications" and affirmed the trial court's decision to accept the guilty plea.
 {¶ 24} In State v. McDowell (Jan. 16, 1997), 8th Dist. No. 70799, the defendant admitted he was taking drugs to combat hallucinations and voices that he heard in his head. The trial court asked the defendant if he felt "competent and confident" regarding his plea discussions and the defendant answered in the affirmative. The trial court then ensured that the defendant had a clear head. The appellate court found this was a "reasonably intelligible" dialogue which indicated that the defendant was competent to enter his guilty plea and affirmed the trial court's decision to accept the plea. See also State v. Borchers (1995),101 Ohio App.3d 157; State v. King, 3rd Dist. No. 17-03-07, 2003-Ohio-3720; State v. Karnes (Nov. 13, 1998), 2nd Dist. No. CA 17082; State v. Alexander (Feb. 19, 1998), 8th Dist. No. 72028; State v. Roberson (Jan. 19, 1995), 8th Dist. No. 66523.
 {¶ 25} Some courts have affirmed a trial court's decision to accept a guilty plea even if the trial court did not specifically inquire into the nature of the defendant's medication. See Statev. Gallagher, 5th Dist. No. CA941, 2003-Ohio-3581; State v.Cole (Nov. 29, 1996), 5th Dist. No. 96CA18; State v. Corethers
(Mar. 30, 1995), 8th Dist. No. 67510. For instance, inGallagher the appellate court found it was sufficient that the trial court placed the defendant under oath and engaged in a thirty-eight page dialogue with him. Id. at ¶ 54. The trial court's ability to speak with the defendant over an extensive period of time ad observe his reactions to questions and answers provided sufficient assurances of the defendant's competence to enter his guilty plea. Id.
 {¶ 26} In this case, the trial court had the following dialogue with Doak:
 {¶ 27} "The Court: Are you taking any type of medication that you've been prescribed by a doctor for any reason?
 {¶ 28} "Mr. Doak: Antidepressant.
 {¶ 29} "The Court: Okay, and what are those, sir?
 {¶ 30} "Mr. Doak: Remeron.
 {¶ 31} "The Court: Say that again, please.
 {¶ 32} "Mr. Doak: Remeron.
 {¶ 33} "* * *
 {¶ 34} "The Court: Other than — have you had any — are you taking any other medication, other than what was prescribed by a doctor that you've taken today?
 {¶ 35} "Mr. Doak: No.
 {¶ 36} "The Court: Did you take your antidepressant today?
 {¶ 37} "Mr. Doak: No.
 {¶ 38} "The Court: When are you supposed to take it?
 {¶ 39} "Mr. Doak: I'm supposed to take it in the morning and in the evening.
 {¶ 40} "The Court: All right. Does it cause you to be drowsy and not understand what's going on?
 {¶ 41} "Mr. Doak: It causes confusion.
 {¶ 42} "The Court: All right. Is that why you didn't take it today, because of the trial?
 {¶ 43} "Mr. Doak: They didn't pass it out this morning.
 {¶ 44} "The Court: All right.
 {¶ 45} "Mr. Doak: Before I got here.
 {¶ 46} "The Court: Mr. Doak, are you prescribed any other types of medication that you're — other than what we've talked about here?
 {¶ 47} "Mr. Doak: No, sir.
 {¶ 48} "The Court: Is there anything that's affecting your ability to understand what we're talking about here today?
 {¶ 49} "Mr. Doak: No, sir."
 {¶ 50} Given this testimony, we conclude that the trial court performed a sufficient inquiry into whether Doak's medication prevented him from making a knowing, intelligent, and voluntary guilty plea. Doak stated that his medication caused confusion. But he also stated that he took it twice a day and that he did not take his dose on the morning of the hearing. Finally, Doak stated that there was nothing affecting his ability to understand the guilty plea proceedings that morning and he engaged in a lengthy Crim.R. 11(C) colloquy with the trial court. There is no evidence on the record that Doak's antidepressant medication was causing confusion when Doak was pleading guilty to the charged offenses. Furthermore, Doak failed to produce any other evidence at the hearing on his motion to withdraw his guilty plea that his medication prevented him from making a knowing, intelligent, and voluntary plea. Accordingly, the trial court's decision to accept Doak's guilty plea and its decision to deny his motion to withdraw that guilty plea on this basis are affirmed. Doak's arguments in this regard are meritless.
 Ineffective Assistance of Trial Counsel {¶ 51} Doak's primary argument in support of his third assignment of error is that his trial counsel was ineffective prior to and during his guilty plea hearing. When arguing that counsel was ineffective, Doak argues that they ignored a psychological evaluation that "would have proved pivotal in deciding whether Gregory Doak was guilty of Aggravated Murder or Murder." He claims that this is evidence that counsel did not consider whether murder is a lesser included offense of aggravated murder when recommending that Doak accept the State's plea offer. He also contends that trial counsel failed to interview half of the State's prospective witnesses and failed to subpoena any witnesses on his behalf for trial. Doak then argues that counsel was ineffective because he did not have faith in them since they did not communicate with him as often as he would have liked. Finally, he believes that counsel was ineffective for failing to ensure that he was given a fair guilty plea hearing by investigating the effects of Doak's medication prior to that hearing.
 {¶ 52} In response, the State argues that many of the Doak's claims of ineffectiveness, such as what witnesses to interview or subpoena, what evidence to present, what theory of the case to argue to the jury, and the amount of communication Doak had with his attorneys, did not prejudice Doak since he pled guilty to the charges rather than going to trial. In addition, it claims that these actions did not fall below professional standards. Finally, the State claims Doak was not prejudiced by counsel's actions during his guilty plea hearing since Doak has failed to prove that he did not enter a knowing and voluntary plea.
 {¶ 53} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98,100. In order for a court to conclude counsel was ineffective, the defendant must overcome the strong presumption that, under the circumstances, the allegedly ineffective action might be considered sound trial strategy. Strickland at 698; State v.Sallie (1998), 81 Ohio St.3d 673, 674.
 {¶ 54} Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. Statev. Hamblin (1988), 37 Ohio St.3d 153. The defendant must demonstrate more than vague speculations of prejudice to show counsel was ineffective. State v. Otte (1996),74 Ohio St.3d 555, 565. To establish prejudice, a defendant must show there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. Strickland
at 694. A reasonable possibility must be a probability sufficient to undermine confidence in the outcome of the case. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. Smith at 100.
 {¶ 55} If a defendant is arguing that he should be allowed to withdraw a guilty plea due to the ineffective assistance of counsel, then the defendant must show that there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty and would have insisted on going to trial.Xie at 524. But "`the mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.'" State v.Whiteman, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, ¶ 24, quoting State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93-G-1826; see, also, State v. Spates (1992),64 Ohio St.3d 269, 272. As the Eleventh District has explained, "a guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." State v. Madeline (Mar. 22, 2002), 11th Dist. No. 2000-T-0156.
 {¶ 56} Generally, a defendant knowingly and voluntarily enters a guilty plea if the trial court advised the defendant of the nature of the charge and the maximum penalty involved, the effect of entering a plea to the charge, and that the defendant will be waiving certain constitutional rights by entering his plea. State v. Kelley (1991), 57 Ohio St.3d 127, 128-129; Crim.R. 11(C)(2).
 {¶ 57} As the State argues, most of Doak's complaints about trial counsel have nothing to do with whether he made a knowing and voluntary plea. Rather, he attacks counsel's trial strategy and tactics. In reviewing defense counsel's trial tactics, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland at 689.
 {¶ 58} Doak first contends that trial counsel was ineffective because they apparently did not consider evidence that Doak was guilty of murder rather than aggravated murder. In support of this argument, Doak points to the fact that the second psychologist which evaluated him came to the conclusion that Doak's actions were not premeditated, "but rather an explosive emotional reaction to bad news in a person who had limited coping skills and was also influenced by tranquilizers" and the lengthy discussion in the plea withdrawal hearing of why counsel did not believe it was possible to argue for manslaughter at trial. But the lengthy discussion of manslaughter at the plea withdrawal hearing was precipitated by Doak's actions prior to trial. Apparently based on the advice of other inmates, Doak wanted to go to trial and argue manslaughter since he knew that manslaughter carried lower penalties than aggravated murder. But his attorneys explained the evidence against him and told Doak that in their opinion they doubted that it would be possible to get a manslaughter instruction. He then decided to accept the proffered guilty plea.
 {¶ 59} Doak argues that there is a lack of evidence that his counsel considered arguing that he committed murder instead of aggravated murder. But it is his burden to show that counsel was ineffective, not the State's burden to prove that they were effective. Each of Doak's attorneys had been licensed for over ten years by the time they represented him, each had handled numerous criminal cases, and at least one had experience in death penalty cases. Since Doak pled guilty to aggravated murder, his counsel never had the opportunity to argue a theory of the case to the jury since Doak pled guilty to aggravated murder. Furthermore, he did not inquire into their prospective theory of the case at the plea withdrawal hearing. Without more than mere speculation, we cannot conclude that these experienced attorneys failed to consider that murder is a lesser included offense of aggravated murder. Accordingly, this argument is meritless.
 {¶ 60} Next, Doak argues that counsel was ineffective for failing to interview all of the State's witnesses. But the record does not demonstrate what Doak claims it demonstrates. One of Doak's trial counsel stated that he interviewed several witnesses on Doak's behalf. His other counsel testified that had contact with at least half of the State's witnesses. In addition, Doak's trial counsel hired an investigator who interviewed some of the witnesses and provided the attorneys with a synopsis of these interviews. Doak has failed point to one prospective witness which was not interviewed by either of his attorneys or their investigator. Furthermore, even if his attorneys did not interview a witness, this in itself does not demonstrate that counsel was ineffective. It is possible that the amount of discovery they had was sufficient to convince them that a plea bargain was the best trial tactic in this case, a decision which does not demonstrate their ineffectiveness. See State v. Nathan
(1995), 99 Ohio App.3d 722, 727. Doak has failed to meet his burden of demonstrating that counsel was ineffective and that counsel's actions affected whether his plea was knowing and voluntary.
 {¶ 61} Doak also claims that counsel was ineffective since they did not subpoena any witnesses to appear at trial, and his plea was entered the day that his trial was scheduled to begin. But "counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Treesh (2001), 90 Ohio St.3d 460,490. In addition, Doak's trial counsel testified that all of the witnesses they planned on calling were already subpoenaed by the State. Doak argues that a Mr. Huan was not on the State's list and that his attorneys did not subpoena him. But Doak's counsel testified that Mr. Huan was one of Doak's friends who had no relevant evidence but simply wanted to testify on Doak's behalf. Given these facts, Doak has failed to demonstrate that counsel was ineffective for not subpoenaing witnesses to appear on his behalf at trial or that these actions affected whether his plea was knowing and voluntary.
 {¶ 62} Doak next argues that counsel was ineffective because they did not communicate with him during the course of their representation as often as he would have liked. But the record demonstrates that counsel repeatedly communicated with Doak. Each of his counsel testified about the numerous times that they visited with Doak in the county jail while his case was pending, both individually and together. They also met with Doak on numerous times in the courthouse when he was present for hearings and other court proceedings. Both attorneys testified that they instructed their staff not to accept collect calls while they were out of the office, but that that always took Doak's calls when they were present. One of his attorneys even testified that Doak called him at home. The trial court could not have concluded from the evidence on the record that Doak's attorneys were ineffective because they did not communicate with him.
 {¶ 63} Finally, Doak believes that counsel was ineffective for failing to ensure that he was given a fair guilty plea hearing by investigating the effects of Doak's medication prior to that hearing. But Doak failed to produce any evidence that the medication adversely affected his ability to make a knowing and voluntary plea. Accordingly, he cannot demonstrate that counsel was ineffective for failing to investigate the effects of that medication. As addressed above, it appears the trial court adequately inquired into whether Doak was on medication at the time of his plea and whether that medication was affecting him at that time. Each of his attorneys testified that Doak appeared coherent and conversant at all times and displayed no evidence of medication-induced confusion. Doak never complained about medication-induced confusion. Doak's brother sat in on the pre-plea discussions and did not indicate that he thought Doak appeared confused or disoriented. Finally, the director of nursing at the county jail testified that there was no record of Doak ever complaining of confusion while on this medication, which he began taking after being incarcerated. The only place in the record which indicates in any way that Doak's medication ever caused confusion is Doak's reference to it at his guilty plea hearing. Because the trial court adequately inquired into it at that time and has failed to introduce any evidence demonstrating that he was, in fact, confused, he has failed to demonstrate that counsel was ineffective in this regard.
 {¶ 64} Each of Doak's arguments in support of his claim that his trial counsel was ineffective are meritless. Since his claim that his claim that his medication caused him to be confused when he pled guilty is also meritless, Doak's third assignment of error is meritless in its entirety.
 Ineffective Assistance of Motion Counsel {¶ 65} Doak's fourth assignment of error alleges:
 {¶ 66} "Whether the Defendant/Appellant was provided with effective assistance of counsel, as required by the Ohio and United States Constitutions, for the prosecution of his motion to withdraw his guilty plea."
 {¶ 67} Doak argues that counsel's failure to introduce any evidence of his medication's side effects through expert testimony, subpoenaing Doak's medical records at the county jail, or bringing a treatise which could establish his medication's side effects at the plea withdrawal hearing was ineffective since it prevented him from being able to prove that he did not make a knowing and voluntary guilty plea. In response, the State argues that there were no pre-plea indications that Doak was adversely affected by his medications and that the trial court adequately addressed the issue at the time of the plea. Accordingly, it argues that it would be futile to argue that his motion counsel could have proven that his plea was not voluntary. In addition, it argues that Doak is merely second-guessing counsel's tactics and strategy.
 {¶ 68} Fundamentally, Doak's arguments in this regard must fail because there is nothing on the record indicating that there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. Strickland
at 694. Doak complains about counsel's failure to call an expert witness, like the doctor who prescribed Doak's medications, to testify about the medication's side effects. He argues that counsel should have subpoenaed his medical records from the county jail to establish that he was confused as a result of the medication. He claims counsel could have established the medication's side effects by referring to a medical treatise. But even if this court accepted that counsel's performance was deficient for not taking these actions, there is no indication in the record that Doak was prejudiced by counsel's failure to take those actions. An expert witness, treatise, and the medical records may all have shown that Doak did not suffer from medication-induced confusion and counsel could have made the strategic decision not to introduce this evidence since it would not support Doak's claim.
 {¶ 69} Simply stated, Doak cannot prove that there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. Accordingly, Doak's fourth assignment of error is meritless.
 Sentencing {¶ 70} Doak's second assignment of error alleges:
 {¶ 71} "Whether the lower court erred by sentencing the Defendant/Appellant to the maximum sentence allowed pursuant to the Ohio Revised Code."
 {¶ 72} Here, Doak challenges the sentence the trial court imposed for attempted aggravated murder. According to Doak, the trial court can only sentence him to the maximum allowable sentence if it makes certain findings and explains its reasons for those findings. He argues that because the trial court did not do here we must remand the case for another sentencing hearing. In response, the State argues the trial court made the necessary findings and adequately explained its reasons.
 {¶ 73} In making these arguments, each party has overlooked a crucial fact in regard to Doak's guilty plea. R.C. 2953.08(D) provides as follows:
 {¶ 74} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Id.
 {¶ 75} In this case, the sentencing judge imposed the sentence recommended by the prosecution. When the trial court asked Doak's counsel for a sentencing recommendation, counsel replied, "Your Honor, we would ask that you just follow the recommendation in the plea agreement and run the sentences concurrently as the plea agreement states." Accordingly, the sentence imposed on Doak was recommended jointly by the defendant and the prosecution in the case.
 {¶ 76} "[P]ursuant to R.C. 2953.08(D), a sentence is `authorized by law' as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offence." State v. Rhodes, 7th Dist. No. 2000 CO 60, 2002-Ohio-3056, ¶ 13. The trial court sentenced Doak to ten years, the maximum sentence for a felony of the first degree like attempted aggravated murder. R.C. 2923.02(E); R.C. 2929.14(A)(1). Accordingly, the sentence was authorized by law.
 {¶ 77} Since the sentence the trial court imposed on Doak was jointly recommended and was authorized by law, we do not have the authority to review it. Doak's second assignment of error is meritless.
 {¶ 78} According, Doak's assignments of error are meritless and the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.