[Cite as *State v. Tyburski*, 2018-Ohio-4248.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     18CA011291 |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JANET L. TYBURSKI | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
|     Appellant | CASE No.     15CR091745 |

DECISION AND JOURNAL ENTRY

Dated: October 22, 2018

---

CALLAHAN, Judge.

{¶1} Defendant-Appellant, Janet Tyburski, appeals from the judgment of the Lorain County Court of Common Pleas, denying her petition for post-conviction relief. This Court affirms.

I.

{¶2} Ms. Tyburski was arrested for the murder of her daughter after the police discovered her daughter's body in a field in North Ridgeville. While speaking with the police, she verbally confessed to the murder and to moving her daughter's body with the help of her other daughter. She also completed an eleven-page written statement at the police station, confessing to the murder.

{¶3} A grand jury indicted Ms. Tyburski on one count of aggravated murder, two counts of murder, two counts of felonious assault, one count of tampering with evidence, and one count of abuse of a corpse. She was appointed counsel and, over the next two years, her attorney

filed numerous motions on her behalf. Those motions included requests for competency evaluations, for funds to secure a psychologist to act as a consultant, and for funds to secure an investigator. Counsel also filed notices of Ms. Tyburski's intent to argue self-defense, and later, to plead not guilty by reason of insanity.

{¶4} Ms. Tyburski ultimately withdrew her initial plea and signed a written plea agreement. The agreement provided that her aggravated murder count would be dismissed, she would plead guilty to her remaining counts, and she would receive a sentence of 19 years to life in prison. It further provided that her surviving daughter would be charged strictly with a misdemeanor for helping conceal her sister's body. As a condition of her plea, Ms. Tyburski affirmed at her plea hearing that the statement she made to the police, confessing to her daughter's murder, was true. Consistent with the parties' plea agreement, the trial court sentenced her to 19 years to life in prison.

{¶5} Subsequently, Ms. Tyburski filed a pro se petition for post-conviction relief. The State responded in opposition, and, on review, the trial court denied the petition without holding a hearing.

{¶6} Ms. Tyburski now appeals from the trial court's judgment, denying her petition for post-conviction relief. She raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BASED UPON: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS CONFESSION BASED UPON THE SANITY AND COMPETENCY OF THE DEFENDANT AT THE TIME OF THE CONFESSION AS WELL AS OTHER RELEVANT FACTORS.

{¶7}    In her sole assignment of error, Ms. Tyburski argues that the trial court erred when it denied her petition for post-conviction relief.  She asks this court to vacate her plea or, in the alternative, to remand this matter for an evidentiary hearing on her petition.  Upon review, this Court does not agree that the trial court erred when it denied her petition.

{¶8}    The decision to grant or deny a petition for post-conviction relief is committed to the sound discretion of the trial court.  *State v. Glynn*, 9th Dist. Medina No. 02CA0090-M, 2003-Ohio-1799, ¶ 4.  Accordingly, this Court will not overturn the decision of a trial court regarding a petition for post-conviction relief absent an abuse of discretion.  *Id.*  An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9}    "When a petitioner's post-conviction claim sounds in ineffective assistance of counsel, a trial court must analyze * * * her claim under the two-step test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)."  *State v. Muzic*, 9th Dist. Summit No. 28646, 2017-Ohio-8563, ¶ 8.  The petitioner must show that (1) counsel's performance was deficient, and (2) the deficiency prejudiced her.  *Strickland*, 466 U.S. at 687.  In the context of a guilty plea, prejudice will lie only if "there is a reasonable probability that, but for [her] counsel's error, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."  *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545, ¶ 4.  To that end, "'ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.'"  *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.), quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO

31, 2004-Ohio-1548, ¶ 55. That is because "[a] guilty plea 'represents a break in the chain of events that preceded it in the criminal process * * *.'" *State v. Allen*, 9th Dist. Summit Nos. 27494, 28213, 2017-Ohio-2831, ¶ 37. "[I]neffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea." *State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 16.

{¶10} To determine whether a defendant knowingly, intelligently, and voluntarily entered her plea, an appellate court asks whether the trial court, in accepting the plea, "[c]ompli[ed] with the mandates of Crim.R. 11(C) * * *." *State v. Ross*, 9th Dist. Wayne No. 13CA0015, 2014-Ohio-1675, ¶ 6. That rule requires a trial court to personally address a defendant and to ensure that she understands the items listed therein, including her charges, the maximum penalty she faces, the effect of her plea, and the constitutional rights she will waive as a result of her plea. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 27, quoting Crim.R. 11(C).

> Where the record affirmatively discloses that: (1) [the] defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) [the] defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. Piacella*, 27 Ohio St.2d 92 (1971), syllabus. "[A]n appellate court must look to the totality of the circumstances * * *." *State v. Ru Liu*, 9th Dist. Summit No. 24112, 2008-Ohio-6793, ¶ 21.

{¶11} Ms. Tyburski sought post-conviction relief on the basis of ineffective assistance of counsel. In her pro se petition, she argued that she received ineffective assistance because her

attorney did not file a motion to suppress her confession. According to Ms. Tyburski, she did not kill her daughter, but confessed to the murder due to police coercion and her fragile mental state.[1] She argued that, once the State obtained her involuntary confession, she "was essentially forced into pleading guilty to a crime she did not commit." Had her attorney filed a motion to suppress, she argued, the motion likely would have been granted, and she would have insisted on going to trial. In support of her petition, she filed an affidavit, describing her mental state at the time of her confession and the tactics the police employed to elicit her confession.

{¶12} The trial court determined that Ms. Tyburski had knowingly, intelligently, and voluntarily entered her plea, and thus, had waived her claim of ineffective assistance of counsel. The court noted that she had signed a written plea agreement, outlining the details of her plea. It further noted that, during the plea colloquy, she had admitted (1) she was thinking clearly, (2) her confession was true, and (3) she was satisfied with her attorney's services insofar as they concerned her plea and the deal she received. The court determined that Ms. Tyburski was "well aware" that her plea would have the effect of eliminating her most serious charge and "spar[ing] her co-defendant daughter from any incarceration or further charges." Concluding that she had entered into a knowing, intelligent, and voluntary plea, it denied her petition for post-conviction relief.

{¶13} On appeal, Ms. Tyburski maintains that her attorney engaged in ineffective assistance of counsel when he failed to file a motion to suppress her confession. She argues, at length, that a motion to suppress would have succeeded because her confession was a product of coercion. She claims that her attorney failed to mount any feasible defense because he did not

---

[1] Ms. Tyburski did not dispute that she moved her daughter's body and concealed it in a field. She only claimed to be innocent of the actual murder.

investigate her claim of innocence, he told their consulting psychologist not to file a report, and he advised her that, if she went to trial, he intended to place the blame for the murder on her surviving daughter. According to Ms. Tyburski, she had no choice but to accept the State's plea offer "because she was left with absolutely no defense."

{¶14} Initially, this Court notes that Ms. Tyburski has attempted to raise new issues on appeal. Her petition for post-conviction relief contained only one claim for relief. That claim was that her trial attorney was ineffective for not filing a motion to suppress her confession. She did not argue that he was ineffective for failing to conduct an adequate investigation, ensure the filing of the psychologist's report, or tender competent advice. This Court will not address new arguments for the first time on appeal. *See Gegia*, 2004-Ohio-2124, at ¶ 26; *State v. Nelson*, 9th Dist. Summit No. 20808, 2002-Ohio-3745, ¶ 6. Because Ms. Tyburski moved for post-conviction relief strictly on the basis of her attorney's failure to file a motion to suppress, this Court limits its review to that issue.

{¶15} Having reviewed the record, this Court cannot conclude that the trial court abused its discretion by denying Ms. Tyburski's petition for post-conviction relief. *See Glynn*, 2003-Ohio-1799, at ¶ 4. The vast majority of her petition addressed the involuntary nature of her confession and the likelihood that she would have succeeded upon a properly filed motion to suppress. The dispositive issue, however, was whether she knowingly, intelligently, and voluntarily *pleaded guilty*; not whether she knowingly, intelligently, and voluntarily *confessed*. That is because her guilty plea waived any ineffective assistance of counsel argument that did not relate to the validity of her plea. *See Emich*, 2018-Ohio-627, at ¶ 16.

{¶16} Ms. Tyburski did not specifically address Crim.R. 11(C) in her petition or otherwise argue that the trial court failed to comply with its strictures. *See Ross*, 2014-Ohio-

1675, at ¶ 6 ("Compliance with the mandates of Crim.R. 11(C) allows for the determination of whether the defendant's plea was entered in a knowing, intelligent, and voluntary manner."). She never claimed that she entered into her plea without understanding her charges, the effect of her plea, or any of her rights. Moreover, the record does not support her assertion that she was forced to plead guilty due to her attorney's decision not to file a motion to suppress. Ms. Tyburski faced extremely serious charges. By pleading guilty, she avoided her aggravated murder charge and secured the State's promise of an agreed sentence, as well as its promise of leniency in the prosecution of her surviving daughter. She signed a written plea agreement that outlined her charges, the maximum penalties she faced, her rights, and the terms of her plea. During her plea colloquy, she acknowledged that she understood the written agreement and had signed it voluntarily. She also acknowledged that she understood the conditions and repercussions of her plea and that no one had threatened her to secure her plea. *See* Crim.R. 11(C). Ms. Tyburski had the benefit of counsel and indicated that she was satisfied with his advice insofar as it pertained to her plea. She never claimed that she was being forced to plead guilty or that she did not understand the terms of her plea. The record, therefore, supports the trial court's conclusion that she knowingly, voluntarily, and intelligently entered her plea. *See Piacella*, 27 Ohio St.2d 92 at syllabus.

{¶17} The only evidence that Ms. Tyburski appended to her petition for post-conviction relief was her self-serving affidavit. In her affidavit, she outlined the factual circumstances surrounding her confession and averred that it was a product of coercion. Once again, however, the issue before the trial court was whether Ms. Tyburski tendered a valid plea, not whether she tendered a valid confession. Ms. Tyburski failed to set forth any evidence that her attorney's alleged ineffective assistance "'precluded [her] from entering [her] plea knowingly and

voluntarily.'"  *Gegia*, 2004-Ohio-2124, at ¶ 17, quoting *Doak*, 2004-Ohio-1548, ¶ 55. Accordingly, her guilty plea waived her ineffective assistance of counsel argument, and the trial court did not err by denying her petition for post-conviction relief.  *See Allen*, 2017-Ohio-2831, at ¶ 37-38.  Ms. Tyburski's sole assignment of error is overruled.

III.

{¶18}  Ms. Tyburski's sole assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

JANET L. TYBURSKI, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.