[Cite as *State v. Mills*, 2019-Ohio-2416.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 29190 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| PHIL D. MILLS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2016-04-1091-A |

DECISION AND JOURNAL ENTRY

Dated: June 19, 2019

CARR, Judge.

{¶1} Defendant-Appellant Phil Mills appeals the judgment of the Summit County Court of Common Pleas dismissing his petition for post-conviction relief. This Court affirms.

I.

{¶2} In 2016, following a traffic stop, Mills was indicted on one count of having weapons while under disability, one count of carrying concealed weapons, and one count of improperly handling firearms in a motor vehicle. Trial counsel filed a motion to suppress which was denied following a hearing.

{¶3} Thereafter, Mills entered a written plea of guilty to having weapons while under disability and improperly handling a firearm in a motor vehicle. The third charge was dismissed. The trial court merged the two remaining counts and Mills was sentenced to a term of 18 months on the offense of having weapons while under disability. The plea and sentencing hearing also

addressed a trafficking charge in another case. The judgment entry was journalized August 14, 2017.

{¶4} Mills did not file a direct appeal. However, on July 26, 2018, Mills filed a petition for post-conviction relief and requested an evidentiary hearing. The case number heading of the petition listed the instant trial court case number, as well as the case number of the trafficking conviction. In his petition, Mills raised several grounds for relief, some of which only related to the trafficking case. Relevant to the arguments raised on appeal, Mills argued that his trial counsel was ineffective as counsel failed to conduct an adequate investigation, failed to advise Mills of a meritorious Fourth Amendment defense, and failed to file a motion to suppress evidence.

{¶5} Mills' argument centered on the traffic citation which was issued at the traffic stop, which ultimately led to the charges and conviction in this case. Mills pointed out that the traffic citation stated that he made an improper right turn when the charging officer reported that Mills made an improper left turn. Mills also noted that the Akron Municipal Court records reflect that the violation was "DISMISSED NOT INDICTED[.]" Mills argued that this meant that he did not commit a traffic offense and therefore the officer could not have stopped him. Accompanying Mills' petition was his own affidavit, an affidavit of another individual, the plea and sentencing transcripts, the written pleas of guilty, the traffic citation, the dismissal of the traffic citation, and provisions of the Ohio Revised Code.

{¶6} In response to the petition, the State filed a motion to dismiss the petition without a hearing. The trial court denied Mills' request for a hearing and dismissed the petition. In so doing, the trial court found that "the Court conducted a plea colloquy that advised the Petitioner of his rights, the nature of the charges, and the effect of a guilty plea. The Court inquired as to

whether the Petitioner was satisfied with his attorney. The petitioner indicated that he understood his rights, the nature of the charges, the effect of a guilty plea, and that he was satisfied with his attorney." The trial court concluded that "the Petitioner failed to meet the burden of demonstrating a denial or infringement of his rights. * * * The evidence attached to the petition does not set forth sufficient operative facts to establish substantive grounds for relief. The Petitioner's various assertions of ineffective assistance of counsel are not supported by sufficient evidence that his attorney was ineffective." In addition, the trial court stated that "[t]he Court rules that the Petitioner's claims are barred by res judicata. The Petitioner's claims could have been raised on a direct appeal." (Emphasis omitted.)

{¶7}   Mills has appealed, pro se, raising four assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED THEIR DISCRETION BY DISMISSING APPELLANT'S PETITION FOR POST CONVICTION AND BARRING IT RES JUDICATA. [SIC.]

{¶8}   Mills' arguments on appeal are limited to issues connected to the dismissal of the traffic citation. In his first assignment of error, Mills challenges the trial court's determination that Mills' argument was barred by res judicata.

{¶9}   "A petition for post-conviction relief may be properly dismissed without a hearing on the basis of res judicata." *State v. Spaulding,* 9th Dist. Summit No. 28526, 2018-Ohio-3663, ¶ 10. "To avoid the preclusive effect of res judicata, post-conviction relief claims must be based on evidence outside of the original record that existed during direct appellate proceedings." (Internal quotations and citations omitted.) *Id.* "The evidence dehors the record must also demonstrate that the claims advanced in the petition could not have been fairly determined on

direct appeal based on the original trial court record without resorting to evidence outside the record." (Internal quotations and citations omitted.) *Id.* at ¶ 11.

{¶10} Here, Mills did rely on evidence outside the record in support of his petition, namely documents from the Akron Municipal Court traffic case. Mills' argument was that the dismissal of that traffic violation warranted the conclusion that there was no traffic violation and that the stop of the vehicle was therefore unlawful. Irrespective of the merit of that argument, we agree that, under these circumstances, the trial court was incorrect to conclude that res judicata barred Mills' argument, as the documents that Mills required to support his assertion were not in the trial court record. Nonetheless, as noted above, the trial court additionally determined that Mills "failed to meet the burden of demonstrating a denial or infringement of his rights. * * * The evidence attached to the petition does not set forth sufficient operative facts to establish substantive grounds for relief. The Petitioner's various assertions of ineffective assistance of counsel are not supported by sufficient evidence that his attorney was ineffective." Based upon the arguments made on appeal, Mills has not demonstrated that the trial court's alternate basis for denying his petition was erroneous. *See id.* at ¶ 36.

{¶11} Mills' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE CONFLICTING ELEMENTS IN THE UNIFORM TRAFFIC CITATION, AND DISMISSED COMPLAINT, RENDERS THE DETENTION (THAT RESULTED FROM THE TRAFFIC STOP) AN UNREASONABLE SEIZURE OF THE FOURTH AMENDMENT AND ARTICLE I, SECTION 9 OF THE U.S. AND OHIO CONSTITUTIONS (RESPECTIVELY).

{¶12} Mills asserts in his second assignment of error that the traffic stop was unlawful and the evidence obtained during the seizure should have been suppressed.

{¶13} Mills did not raise this argument as a basis for post-conviction relief in the trial court. Instead, Mills asserted that his trial counsel was ineffective for failing to conduct an adequate investigation, failing to advise Mills of a meritorious Fourth Amendment defense, and failing to file a motion to suppress evidence. R.C. 2953.21(A)(4) states that "[a] petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived." Moreover, this Court has consistently held that arguments that were not raised below cannot be raised for the first time on appeal. *See, e.g., State v. Tyburski*, 9th Dist. Lorain No. 18CA011291, 2018-Ohio-4248, ¶ 14. Accordingly, this argument is not properly before this Court and it is overruled on that basis.

{¶14} Mills' second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

COUNSEL WAS INEFFECTIVE (VIOLATION OF THE 6TH AMENDMENT AND ARTICLE 1, SECTION 10 OF THE U.S. AND OHIO CONSTITUTIONS, RESPECTIVELY) FOR NOT INVESTIGATION THE APRIL 3RD TRAFFIC STOP. [SIC.]

{¶15} Mills maintains in his third assignment of error that trial counsel was ineffective for not investigating the traffic stop. We will construe his argument as a contention that the trial court erred in denying his petition on that basis.

{¶16} "Under R.C. 2953.21(A)(1), a convicted criminal defendant may petition the trial court to vacate or set aside the judgment or sentence because it is void or voidable under the Constitution of the United States or the Ohio Constitution. The petitioner may file documentary evidence in support of the petition." *State v. El-Jones,* 9th Dist. Summit No. 26616, 2013-Ohio-3349, ¶ 4. "A petitioner is not automatically entitled to a hearing. In that respect, the trial court has a gatekeeping function." (Internal quotations and citation omitted.) *Id.* "[A] trial court

properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." (Internal quotations and citation omitted.) *Id.*

{¶17} "When a trial court exercises its 'gatekeeping' function by determining that the petitioner has not alleged sufficient operative facts that would establish the substantive grounds for relief, our review is a two-step process." *Id.* at ¶ 5. "First, we must determine whether the trial court's findings of fact are supported by competent and credible evidence. If this Court concludes that the findings are properly supported, then this Court reviews the trial court's decision in regard to its gatekeeping function for an abuse of discretion." (Internal quotations and citations omitted.) *Id.*

> "When a petitioner's post-conviction claim sounds in ineffective assistance of counsel, a trial court must analyze * * * h[is] claim under the two-step test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *State v. Muzic*, 9th Dist. Summit No. 28646, 2017-Ohio-8563, ¶ 8. The petitioner must show that (1) counsel's performance was deficient, and (2) the deficiency prejudiced h[im]. *Strickland*, 466 U.S. at 687. In the context of a guilty plea, prejudice will lie only if "there is a reasonable probability that, but for [her] counsel's error, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545, ¶ 4. To that end, "'ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.'" *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.), quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 55. That is because "[a] guilty plea 'represents a break in the chain of events that preceded it in the criminal process * * *.'" *State v. Allen*, 9th Dist. Summit Nos. 27494, 28213, 2017-Ohio-2831, ¶ 37. "[I]neffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea." *State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 16.

*Tyburski*, 2018-Ohio-4248, at ¶ 9.

{¶18} "To determine whether a defendant knowingly, intelligently, and voluntarily entered h[is] plea, an appellate court asks whether the trial court, in accepting the plea, [c]ompli[ed] with the mandates of Crim.R. 11(C) * * *. That rule requires a trial court to personally address a defendant and to ensure that []he understands the items listed therein, including h[is] charges, the maximum penalty []he faces, the effect of h[is] plea, and the constitutional rights []he will waive as a result of h[is] plea." (Internal citations and quotations omitted.) *Id.* at ¶ 10.

{¶19} As noted above, the trial court found in its judgment entry that "the Court conducted a plea colloquy that advised the Petitioner of his rights, the nature of the charges, and the effect of a guilty plea. The Court inquired as to whether the Petitioner was satisfied with his attorney. The petitioner indicated that he understood his rights, the nature of the charges, the effect of a guilty plea, and that he was satisfied with his attorney." Mills has not challenged the trial court's factual findings on appeal nor argued that the trial court failed to comply with Crim.R. 11(C). *See* App.R. 16(A)(7). Instead, Mills' argument is limited to his claim that trial counsel was ineffective for failing to discover that the traffic violation was dismissed. He contends that if counsel had discovered the same, counsel could have supplemented the motion to suppress and there was "a high probability that there would have been a different outcome in the suppression ruling."

{¶20} Having reviewed the record, and in light of Mills' limited arguments on appeal, we cannot conclude that the trial court abused its discretion in denying Mills' petition. "The dispositive issue * * * was whether []he knowingly, intelligently, and voluntarily pleaded guilty[.] * * * That is because h[is] guilty plea waived any ineffective assistance of counsel argument that did not relate to the validity of h[is] plea." *Tyburski*, 2018-Ohio-4248, at ¶ 15.

Mills "failed to set forth any evidence that h[is] attorney's alleged ineffective assistance precluded [him] from entering [his] plea knowingly and voluntarily." (Internal quotations and citations omitted.) *Id.* at ¶ 17.

**{¶21}** Mills' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED THEIR DISCRETION WHEN IT DENIED APPELLANT'S REQUEST FOR AN EVIDENTIARY HEARING. [SIC.]

**{¶22}** Finally, Mills argues in his fourth assignment of error that the trial court abused its discretion in failing to hold an evidentiary hearing.

**{¶23}** In light of our conclusions concerning Mills' other assignments of error, we cannot say that the trial court abused its discretion in failing to hold an evidentiary hearing. *See El-Jones*, 2013-Ohio-3349, at ¶ 4 ("[A] trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.") (Internal quotations and citation omitted.).

**{¶24}** Mills' fourth assignment of error is overruled.

### III.

**{¶25}** Mills' assignments of error are overruled. Additionally, Mills' outstanding "Motion to Take Judicial Notice Pursuant to Evidence Rule 201 (D) & (E)" is denied. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

PHIL D. MILLS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecutinbg Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.