DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Adam Smith, appeals from a judgment of the Summit County Court of Common Pleas that denied his petition for post-conviction relief. This Court affirms.
 I. {¶ 2} During the early morning hours of June 7, 2006, Akron police officers were dispatched to Smith's apartment because he had called 911 to request assistance. Police found Smith with bloodied arms and a knife wound on his hand. In the upstairs bedroom, they found Smith's wife lying dead on the floor with multiple stab wounds to her body.
 {¶ 3} Smith initially told the police that he had returned home to discover two strange men running out of his apartment just before he discovered his wife's body in the upstairs bedroom. He later recanted his initial statement, however, and admitted that he had stabbed his wife, disposed of the knife and his bloody clothes, and then called 911. *Page 2 
 {¶ 4} Smith was indicted for murder, tampering with evidence, and domestic violence. At his jury trial, the defense attempted to establish that Smith had committed the inferior degree offense of voluntary manslaughter. Smith's defense focused on the depressed mental state of Smith's wife prior to her death and attempted to establish that Smith had stabbed his wife only after he discovered her already stabbing herself, attempting to commit suicide. Smith testified that the sight of his wife attempting suicide caused him to fly into a rage, grab the knife from her, and begin stabbing her repeatedly. The defense strategy proved unsuccessful, however, and Smith was convicted of all charges against him. This Court affirmed his convictions on appeal. State v.Smith, 9th Dist. No. 23542, 2007-Ohio-5119.
 {¶ 5} On October 24, 2007, Smith filed a petition for post-conviction relief, contending that he had received ineffective assistance of trial counsel because his trial attorneys pursued an unsuccessful defense and failed to investigate or discuss with him the possibility of the defense of not guilty by reason of insanity. That same day, Smith moved the trial court for an order granting him permission to have a psychological examination in prison because he had never been evaluated "by any mental health professional with regard to [the insanity] defense."
 {¶ 6} The trial court denied Smith's petition for post-conviction relief without a hearing and also denied his motion for a psychological evaluation. Smith appeals and raises three assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF[.]" *Page 3 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FAILING TO CONDUCT AN EVIDENTIARY HEARING CONCERNING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF."
 {¶ 7} This Court will address the first two assignments of error jointly because they are closely related. Smith contends that the trial court erred in denying his petition for post-conviction relief without holding an evidentiary hearing.
 {¶ 8} A petitioner seeking post-conviction relief is not automatically entitled to a hearing. He has the initial burden of providing evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error. State v. Kapper (1983), 5 Ohio St.3d 36, 37-38.
 "Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." State v. Cole
(1982), 2 Ohio St.3d 112, 114.
 {¶ 9} Through his petition for post-conviction relief, Smith asserted that he was denied his constitutional right to the effective assistance of counsel because his trial counsel failed to investigate the possibility of an insanity defense. To establish ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland v. Washington (1984),466 U.S. 668, 689. Debatable trial tactics and strategies do not constitute a denial of effective *Page 4 
assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49, certiorari denied (1980), 449 U.S. 879.
 {¶ 10} In general, a trial counsel's failure to seek a competency evaluation or to pursue an insanity defense is not, per se, ineffective assistance of counsel. See State v. Decker (1986), 28 Ohio St.3d 137. It is only where the facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success that it is ineffective assistance of counsel to fail to pursue such a defense strategy. See State v. Brown (1992), 84 Ohio App.3d 414,421-22.
 {¶ 11} The insanity defense is set forth in R.C. 2901.01(A)(14), which provides:
 "A person is `not guilty by reason of insanity' relative to a charge of an offense only if the person proves *** that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."
 {¶ 12} Thus, for Smith to demonstrate that he was entitled to a hearing and/or post-conviction relief, he was required to make some facial showing that he would have had a reasonable probability of proving that at the time he stabbed his wife to death, he "did not know, as a result of a severe mental disease or defect, the wrongfulness of [his] acts."
 {¶ 13} Smith failed to present any evidence to even suggest that he suffered from any mental disease or defect, nor did he attach any evidence to suggest that he did not know the wrongfulness of his acts at the time he killed his wife. Smith merely presented evidence, through his own affidavit testimony, that his trial attorneys did not discuss the insanity defense with him, and they failed to have him evaluated for that defense by a qualified professional. This evidence made no facial showing that an insanity defense would have had any probability of success, had his trial attorneys chosen to pursue it. *Page 5 
 {¶ 14} Moreover, the evidence in the trial court record raised no issues about Smith's mental health and, in fact, tended to demonstrate that an insanity defense would have been futile, as it would have been inconsistent with Smith's own actions after the crime. There was evidence before the jury that Smith understood that what he had done was wrong because he had the presence of mind to dispose of the murder weapon and his bloody clothes immediately after he stabbed his wife. It was not until he had disposed of this evidence that he called 911. A defendant's actions in cleaning up the evidence of his crime are inconsistent with a defense of insanity because the defendant's attempt to conceal the evidence of his crime tends to demonstrate that he understood the wrongfulness of his criminal conduct. See State v.Wotring, 11th Dist. No. L-99-114, 2003-Ohio-326. Moreover, when the police arrived after he had cleaned up the crime scene, Smith blamed strangers for the murder, further demonstrating that he understood the wrongfulness of his conduct.
 {¶ 15} Because Smith failed to make any showing to the trial court that the result of his trial might have been different if his trial counsel had pursued the defense of not guilty by reason of insanity, the trial court did not err in denying his petition for post-conviction relief without a hearing. The first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO HAVE APPELLANT EXAMINED[.]"
 {¶ 16} Smith contends that the trial court erred in denying his request to authorize a psychological examination of him in prison. Although he contends that he was prepared to pay for the expert himself, he has cited no authority, and this Court knows of none, to support his position that he had a right to the assistance of experts while pursuing his petition for post-conviction *Page 6 
relief. In his motion, Smith essentially conceded that he had no evidence to support his petition for post-conviction relief and claimed that he found himself "in the unenviable `Catch 22' of needing a proper psychological evaluation to firmly establish trial counsel's deficient performance." The sole purpose of post-conviction proceedings, however, is "to rectify errors in prior proceedings and to effectuate justice. They are not available to be used as fishing expeditions." State v.Durr (Aug. 25, 1994), 8th Dist. No. 65958.
 {¶ 17} In State v. Crowder (1991), 60 Ohio St.3d 151, 152, the Ohio Supreme Court held that a post-conviction petitioner has no constitutional right to counsel. Consequently, as the right to the assistance of experts stems from the right to counsel, a post-conviction petitioner has no constitutional right to an expert. See State v.Hooks (Oct. 30, 1998), 2d Dist. Nos. 16978 and 17007.
 {¶ 18} This Court has repeatedly held that there is no right to conduct discovery in post-conviction proceedings. See, e.g., State v.Benner (Aug. 27, 1997), 9th Dist. No. 18094; State v. Cooey (May 25, 1994), 9th Dist. Nos. 15895 and 15966. As this Court explained inCooey:
 "An action for postconviction relief based upon a petition to vacate or set aside sentence is a civil action. State v. Milanovich (1975), 42 Ohio St.2d 46, 49. The procedures applicable to such an action, however, are those found in R.C. 2953.21. State v. Hiltbrand (May 16, 1984), Summit App. No. 11550, unreported, at 2. R.C. 2953.21 does not provide for discovery. See State v. Ray (July 30, 1986), 9th Dist. No. 12517; State v. Smith (Feb. 19, 1986), 9th Dist. No. 12265, certiorari denied (1986), 479 U.S. 860. * * *." Id. (Internal citation form modified).
 {¶ 19} Smith has failed to demonstrate any error by the trial court in its denial of his request to be examined by an expert. Smith's third assignment of error is overruled. *Page 7 
 III. {¶ 20} Smith's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
MOORE, P. J. DICKINSON, J. Concur. *Page 1