[Cite as *State v. Harris*, 2017-Ohio-1150.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ANTHONY HARRIS

    Appellant

C.A. Nos.     28229
                    28230
                    28231

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2015 07 2055
                   CR 2015 07 2238
                   CR 2015 09 2924

DECISION AND JOURNAL ENTRY

Dated: March 29, 2017

CARR, Judge.

{¶1} Appellant, Anthony Harris, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2015, the Summit County Grand Jury handed down three separate indictments charging Harris with a bevy of criminal offenses. Harris initially pleaded not guilty to all of the charges. Prior to the commencement of trial, Harris moved to have all of the charges against him dismissed on speedy trial grounds pursuant to R.C. 2945.71, et seq. The trial court denied the motion to dismiss on the basis that the State complied with the statutory timeframe and the frequent continuances in the matter were attributable to the defendant. Harris eventually withdrew his pleas of not guilty and pleaded guilty to a total of nine counts of forgery. The

remaining charges against Harris were dismissed. The trial court imposed a six-month prison term for each offense and ordered that all of the sentences in the three cases be served consecutively to each other. The sentencing entries for all three cases were journalized on April 8, 2016.

**{¶3}** On appeal, Harris raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO DISMISS THE CHARGES AGAINST MR. HARRIS ON SPEEDY TRIAL GROUNDS[.]

**{¶4}** In his sole assignment of error, Harris contends that the trial court erred by not dismissing the charges against him on statutory speedy trial grounds. This Court disagrees.

**{¶5}** R.C. 2945.71 sets forth the statutory speedy trial right in Ohio. The Supreme Court of Ohio has long held that "[a] plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds[.]" *State v. Kelley*, 57 Ohio St.3d 127 (1991), at paragraph one of the syllabus. Even where a criminal defendant filed a motion to dismiss on statutory speedy trial grounds in the trial court, the defendant waives the right to raise that issue on appeal by entering a plea of guilty to the charges against him. *State v. Dyson*, 9th Dist. Wayne No. 09CA0055, 2010-Ohio-6452, ¶ 8-9. In this case, Harris pleaded guilty to numerous criminal charges after the trial court denied his motion to dismiss. Harris' sole argument on appeal is that the trial court should have dismissed the charges against him pursuant to R.C. 2945.71, et seq. As Harris waived this argument by pleading guilty, he cannot prevail on his assignment of error. *See Dyson* at ¶ 8-9.

**{¶6}** Harris' assignment of error is overruled.

III.

**{¶7}** Harris' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

GREGORY A. PRICE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.