[Cite as *State v. Smith*, 2021-Ohio-1177.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TONY D. SMITH

    Appellant

C.A. Nos.    29779
                29780

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 18 07 2327
                CR 18 06 1986

DECISION AND JOURNAL ENTRY

Dated: April 7, 2021

CALLAHAN, Judge.

{¶1}    Defendant-Appellant, Tony Smith, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Over the course of several weeks, Mr. Smith was indicted in three separate criminal cases. In Criminal Case No. 2018-06-1862, he was indicted on charges of aggravated burglary with a firearm specification, two counts of aggravated menacing, retaliation, and having a weapon under disability. In Criminal Case No. 2018-06-1986, he was indicted on charges of possession of cocaine, possession of drug paraphernalia, and possession of marijuana. Finally, in Criminal Case No. 2018-07-2327, he was indicted on charges of aggravated trafficking in methamphetamine with a forfeiture specification, trafficking in cocaine with a forfeiture specification, aggravated possession of methamphetamine, and possession of cocaine.

{¶3}   Mr. Smith was able to resolve two of his criminal cases by way of a plea agreement. The State amended his second trafficking count in Criminal Case No. 2018-07-2327, and Mr. Smith pleaded guilty to one count of possession of cocaine with a forfeiture specification in that case. He also pleaded guilty to one count of possession of cocaine in Criminal Case No. 2018-06-1986. His remaining charges in those two cases were dismissed. Likewise, his indictment in Criminal Case No. 2018-06-1862 was dismissed upon motion of the State because the victim refused to cooperate. The court sentenced Mr. Smith on his two counts and ordered his sentences to run concurrently for a total of two years in prison.

{¶4}   One month after he was sentenced, Mr. Smith filed a pro se motion to set aside his plea and sentence. He argued that his speedy trial time had expired by the time he was sentenced, so he was entitled to be discharged and have his judgments vacated. The State responded in opposition to his motion, and Mr. Smith filed a reply. Upon review of the filings, the trial court denied Mr. Smith's pro se motion. It also permitted the attorney who had represented Mr. Smith at the time of his plea and sentence to withdraw as defense counsel.

{¶5}   Subsequently, Mr. Smith petitioned the court for post-conviction relief based on ineffective assistance of counsel. Because his speedy trial time had expired, Mr. Smith argued, his trial counsel engaged in ineffective assistance when he failed to file a motion to dismiss Mr. Smith's indictments. The State responded in opposition to the petition, and Mr. Smith filed a reply. The trial court then set the matter for hearing and appointed new counsel for Mr. Smith. Following the hearing, the court denied Mr. Smith's petition.

{¶6}   Mr. Smith appealed from the trial court's denial of his petition for post-conviction relief in both Criminal Case Nos. 2018-06-1986 and 2018-07-2327. Because he filed identical petitions in both cases and the trial court resolved them by way of a single judgment entry, this

Court consolidated his appeals for purposes of briefing, argument, and decision. Mr. Smith's consolidated appeals are now before this Court and raise one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE HIS CONVICTION[.]

{¶7} In his sole assignment of error, Mr. Smith argues that the trial court abused its discretion when it denied his petition for post-conviction relief. This Court rejects his argument.

{¶8} "Under R.C. 2953.21(A)(1), a convicted criminal defendant may petition the trial court to vacate or set aside the judgment or sentence because it is void or voidable under the Constitution of the United States or the Ohio Constitution." *State v. El-Jones*, 9th Dist. Summit No. 26616, 2013-Ohio-3349, ¶ 4. The decision to grant or deny a petition for post-conviction relief is committed to the sound discretion of the trial court. *State v. Glynn*, 9th Dist. Medina No. 02CA0090-M, 2003-Ohio-1799, ¶ 4. Accordingly, this Court will not overturn the decision of a trial court regarding a petition for post-conviction relief absent an abuse of discretion. *Id.* An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶9} "When a petitioner's post-conviction claim sounds in ineffective assistance of counsel, a trial court must analyze his * * * claim under the two-step test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *State v. Muzic*, 9th Dist. Summit No. 28646, 2017-Ohio-8563, ¶ 8. Thus, the petitioner must show that (1) counsel's performance was deficient, and (2) the deficiency prejudiced him. *Strickland* at 687.

> In the context of a guilty plea, prejudice will lie only if "there is a reasonable probability that, but for * * * counsel's error, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545, ¶ 4. To that end, "'ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.'" *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.), quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 55.

(Alteration in original.) *State v. Tyburski*, 9th Dist. Lorain No. 18CA011291, 2018-Ohio-4248, ¶ 9. "[I]neffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea." *State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 16. *See also State v. Harris*, 9th Dist. Summit Nos. 28229, 28230, 28231, 2017-Ohio-1150, ¶ 5 (plea of guilt waives right to challenge conviction based on statutory speedy trial grounds).

{¶10} Mr. Smith argues that he was entitled to post-conviction relief because he received ineffective assistance of counsel. He argues that his counsel engaged in a deficient performance when he failed to file a motion to dismiss the indictments. According to Mr. Smith, his counsel prepared a motion to dismiss due to Mr. Smith's statutory speedy trial time having expired. Mr. Smith claims that his counsel promised to file the motion, but never did. Instead, his counsel arranged for Mr. Smith to plead guilty and never advised him that doing so would result in a waiver of his speedy trial rights. Mr. Smith argues that, had the speedy trial issue been litigated, there is a reasonable probability he would have prevailed on his motion, and the outcome of the proceedings would have been different. He argues that the failure of his counsel to inform him that his guilty plea would waive his speedy trial rights "made it impossible for his plea to be knowing and intelligent * * *." Thus, he argues that the trial court abused its discretion when it denied his petition.

{¶11}   The trial court held an evidentiary hearing on Mr. Smith's petition and heard testimony from Mr. Smith, as well as the prosecutor who handled his criminal cases.[1]  Mr. Smith testified that his counsel came to the jail and showed him a copy of a motion to dismiss that he had drafted.  The two agreed that he would file the motion the following day, which was several days before Mr. Smith's scheduled trial.  Mr. Smith testified that he was brought to court the next day, but he did not know why.  When he arrived, he spoke with his counsel, and his counsel advised him that he would be pleading guilty to reduced charges.  According to Mr. Smith, he did not speak to anyone about his speedy trial rights, it was his impression that his motion to dismiss had been filed, and his counsel never told him that, by pleading guilty, he would be waiving his right to pursue the motion.  He testified that he would not have pleaded guilty if he had known that the motion had not been filed.

{¶12}   The prosecutor testified that he recalled speaking with defense counsel on the day Mr. Smith was brought to court.  He testified that he and defense counsel discussed the speedy trial issue at length, as they both recognized the legitimacy of the other's position.  According to the prosecutor, the issue was "not a slam dunk either way," and it was difficult to predict how the trial court might rule or whether its decision might be reversed on appeal.  The prosecutor recalled that defense counsel had a motion to dismiss and intended to file it if they were unable to reach a plea agreement.  He further recalled that, at some point, he spoke directly with Mr. Smith about the speedy trial issue in the presence of defense counsel.  The prosecutor testified that he told Mr. Smith the case could be resolved on a plea and any uncertainties as to how the court might rule on

---

[1] Mr. Smith's original attorney was not able to give evidence, as he passed away before Mr. Smith filed his petition for post-conviction relief.

the speedy trial issue could be avoided if they could agree on an appropriate plea and sentence. Following their discussion, a plea hearing was held, and Mr. Smith entered his guilty pleas.

{¶13} In rejecting Mr. Smith's petition for post-conviction relief, the trial court specifically found credible the testimony of the prosecutor who testified at the evidentiary hearing. The court found that the parties had reached a plea agreement, in part, based on a mutual understanding that the defense would forgo the thorny speedy trial issue in exchange for a favorable plea. The court also found that Mr. Smith had made no mention of the motion to dismiss or his speedy trial rights at the plea hearing and had expressed his satisfaction with his counsel's performance. The court concluded that Mr. Smith failed to establish that he received ineffective assistance of counsel. Thus, it denied his petition for post-conviction relief.

{¶14} Upon review, this Court cannot conclude that the trial court abused its discretion when it denied Mr. Smith's petition. *See Glynn*, 2003-Ohio-1799, at ¶ 4. There was evidence before the court that both the prosecutor and defense counsel spoke with Mr. Smith about his speedy trial time before the plea hearing commenced. Indeed, the prosecutor identified the speedy trial issue as a catalyst for the plea, explaining that the parties resolved the cases to avoid litigating that issue by coming to an agreement. The record, therefore, supports the conclusion that the decision to plead guilty was a strategic one. *See Akron v. Radcliff*, 9th Dist. Summit No. 19704, 2000 WL 530352, *2 (May 3, 2000) (foregoing speedy trial argument to secure a favorable plea may be a valid trial strategy). To the extent Mr. Smith's testimony at the hearing on his petition conflicted with the prosecutor's testimony, the trial court was in the best position to judge their credibility, and this Court will not second-guess that determination on appeal. *See State v. Dovala*, 9th Dist. Lorain No. 10CA009896, 2011-Ohio-3110, ¶ 12. The evidence showed that Mr. Smith came before the court to enter his plea and never asked about his motion to dismiss or his speedy

trial time. He also gave no indication that he was confused about the terms of his plea or the fact that he was being sentenced. Based on the evidence that emerged at the hearing, the trial court reasonably could have concluded that Mr. Smith failed to show that his counsel engaged in a deficient performance that affected the knowing and voluntary nature of his plea. *See Tyburski*, 2018-Ohio-4248, at ¶ 9; *Emich*, 2018-Ohio-627, at ¶ 16. As such, this Court cannot conclude that the trial court abused its discretion when it denied his petition for post-conviction relief. Mr. Smith's sole assignment of error is overruled.

### III.

{¶15} Mr. Smith's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.