[Cite as *State v. Sullivan*, 2023-Ohio-3520.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. Nos. | 19CA011454 |
|---|---|---|
| | | 22CA011859 |

Appellee

v.

JOHN SULLIVAN

Appellant

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     18CR099164

DECISION AND JOURNAL ENTRY

Dated: September 29, 2023

CARR, Judge.

{¶1}    Defendant-Appellant John Sullivan appeals the judgments of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In September 2018, Sullivan was indicted on one count of aggravated murder, two counts of murder, two counts of felonious assault, one count of tampering with evidence, and one count of having weapons while under disability.  Firearm specifications accompanied all the charges aside from the count of having weapons while under disability.  The charges stemmed from a murder for hire that took place in July 2018.  Sullivan and another man were hired to kill the victim.

{¶3}    In December 2018, Sullivan pleaded guilty to the indictment.  While there was no agreed upon sentence, the written plea agreement included a merger analysis indicating that counts two through five were allied with count one and that the State elected to proceed to sentencing on

count one and that sentences were to be imposed on counts six and seven. The trial court sentenced Sullivan to an aggregate sentence of life in prison with parole eligibility after 39 years.

{¶4} On January 10, 2019, Sullivan filed a pro se notice of appeal. Counsel was thereafter appointed. While the appeal was pending, Sullivan filed a pro se motion to withdraw his plea in the trial court. The trial court denied the motion.

{¶5} On March 17, 2020, Sullivan filed a petition for postconviction relief and a motion to withdraw his plea. On March 20, 2020, Sullivan filed an amended petition and an amended motion to withdraw his plea. With respect to his petition and amended petition for postconviction relief, Sullivan contended his trial counsel was ineffective by failing to inform Sullivan of the evidence against him and by pressuring Sullivan to believe that he would receive the death penalty if he did not plead guilty. In addition, Sullivan contended that his conviction for having weapons under disability was barred by the Double Jeopardy Clause as he was convicted of the same offense in Cuyahoga County. That charge involved the same date as the charge in the instant matter. Following the murder, Sullivan was stopped by police in Cuyahoga County for speeding and was arrested pursuant to an unrelated warrant. The gun was discovered during an inventory search and was later determined to be the murder weapon. Thus, Sullivan was charged with having weapons while under disability in both Cuyahoga and Lorain Counties.

{¶6} The State moved to dismiss Sullivan's amended petition and opposed his motion to withdraw his plea. The State argued that Sullivan failed to establish substantive grounds for relief in his amended petition and also asserted that Sullivan's double jeopardy argument was barred by res judicata. Sullivan responded in opposition to the State's motion. The trial court set the matter for a hearing. In the interim, briefing in the direct appeal was stayed pending the resolution of

Sullivan's trial court filings. Ultimately, hearings were held in the trial court on February 7, 2022, and February 17, 2022.

{¶7} The trial court denied Sullivan's petition and his motion to withdraw his plea on the merits. Sullivan then appealed, and this Court consolidated both appeals.

{¶8} Sullivan raises two assignments of error related solely to the entry denying his petition for postconviction relief.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING APPELLANT'S POST-CONVICTION RELIEF PETITION BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶9} Sullivan argues in his first assignment of error that the trial court erred in denying his petition for postconviction relief as he was denied the effective assistance of counsel.

{¶10} "A trial court's denial of a petition for post-conviction relief is reviewed for an abuse of discretion. *State v. Smith*, 9th Dist. Summit Nos. 29779, 29780, 2021-Ohio-1177, ¶ 8. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983)." *State v. Brantley*, 9th Dist. Summit No. 29924, 2021-Ohio-4621, ¶ 6.

> When a petitioner's post-conviction claim sounds in ineffective assistance of counsel, a trial court must analyze his * * * claim under the two-step test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, the petitioner must show that (1) counsel's performance was deficient, and (2) the deficiency prejudiced him. *Strickland* at 687.

> In the context of a guilty plea, prejudice will lie only if there is a reasonable probability that, but for * * * counsel's error, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. To that end, ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

(Internal quotations and citations omitted.) *Smith* at ¶ 9.

{¶11} In his petition, Sullivan contended that trial counsel was deficient by failing to inform Sullivan of the evidence against him and unduly pressuring Sullivan to believe that he would receive the death penalty if he did not plead guilty. Sullivan also submitted an affidavit wherein he averred that he would have chosen to go to trial if his trial counsel had shown him the discovery materials and not pressured him into believing he would receive the death penalty if Sullivan would have gone to trial.

{¶12} During the hearing on the petition, both Sullivan and trial counsel testified. Sullivan essentially contended that trial counsel never showed Sullivan any of the discovery including the video of the shooting. Sullivan denied shooting the victim and claimed that police coerced his confession by showing him a loaded weapon and writing down on a white board what police wanted Sullivan to say. Sullivan also testified that as early as September 2018, trial counsel told Sullivan to plead guilty "before they kill you." Sullivan maintained that trial counsel repeatedly told Sullivan that he needed to plead "before they put a needle in your arm and kill you." Yet, Sullivan also claimed that trial counsel never told Sullivan that the prosecutor had plans to add a capital specification if Sullivan did not plead guilty. Sullivan claimed that trial counsel did not discuss the plea forms in detail with Sullivan despite his statements to the contrary at the plea hearing. Sullivan maintained that the plea sheets he signed were blank when he signed them.

{¶13} Trial counsel's testimony contradicted Sullivan's. Trial counsel testified that he has been practicing law since 1997 and that criminal defense represented about 95% of his practice. He is certified to handle capital cases. Trial counsel discussed in detail the discovery he shared with Sullivan, including the video which they watched multiple times. Trial counsel stated that, on the video, Sullivan could be seen shooting the victim, and Sullivan could also be seen coming out of the woods, turning, walking right by the camera, and looking up. Trial counsel's detailed

notes and billing statement were also presented as evidence. Trial counsel additionally testified that even as early as August 2018, there was a concern as to the possibility of a "capital component[.]" Trial counsel indicated that the case had the hallmarks of a death penalty case in that Sullivan made statements to the police about what happened, was on video committing the crime, and the crime was a murder for hire. Trial counsel discussed these concerns with Sullivan and also informed him of the possible penalties. Trial counsel discussed the proposed plea with Sullivan and gave him time to think about it. Prior to the plea, the prosecutor told trial counsel that if Sullivan did not plead the prosecutor planned to go back to the grand jury to add a capital specification. Trial counsel relayed that information to Sullivan. Trial counsel denied that he began encouraging Sullivan to plead even before discovery was reviewed.

{¶14} In ruling on Sullivan's petition, the trial court specifically stated that it found "Sullivan's self-serving testimony lack[ed] credibility." The trial court additionally found that trial counsel's testimony was credible. The trial court went on to state:

> Sullivan's testimony that he was never shown the video or other discovery; that [trial counsel] never even discussed discovery; and that on every visit with Sullivan all [trial counsel] ever[] said was that Sullivan should plead guilty or the State was going to kill him all lacked credibility. [Trial counsel's] credible testimony was corroborated by his billing statement.

{¶15} As the Supreme Court has noted, "the trial court 'sees and hears the live postconviction witnesses, and [it] is therefore in a much better position to weigh their credibility than are the appellate judges.'" *State v. Weaver*, Slip Opinion No. 2022-Ohio-4371, ¶ 25, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 55. Given the trial court's credibility determinations, we cannot say that Sullivan has demonstrated that the trial court abused its discretion in denying Sullivan's petition on the basis of his ineffective assistance of counsel argument. There was evidence presented that trial counsel shared discovery with Sullivan and

kept him informed about the case. Trial counsel's testimony contradicted Sullivan's on the issues argued by Sullivan, and the trial court found trial counsel's testimony to be credible. Sullivan has not demonstrated that the trial court abused its discretion in concluding that trial counsel was not deficient, and that Sullivan did not demonstrate prejudice.

{¶16}  Sullivan's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO [HAVING A] WEAPON [WHILE] UNDER DISABILITY AND DENYING APPELLANT'S POST-CONVICTION RELIEF PETITION IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS AGAINST DOUBLE JEOPARDY.

{¶17}  Sullivan argues in his second assignment of error that the trial court abused its discretion in denying his petition for postconviction relief as his constitutional right against double jeopardy was violated when he was sentenced in this matter for having weapons under disability after being convicted in Cuyahoga County for the same offense related to events that occurred on the same date. He also argues that his trial counsel was ineffective in failing to raise the double jeopardy issue below; however, Sullivan did not argue in his petition for postconviction relief that trial counsel was ineffective with respect to this issue and so it will not be addressed on appeal. *See State v. Schwarz*, 9th Dist. Medina No. 02CA0042-M, 2003-Ohio-1294, ¶ 14 ("Courts have consistently held that arguments which are not raised below may not be considered for the first time on appeal.").

{¶18}  "The protections afforded by the Ohio and United States Constitutions' Double Jeopardy Clauses are coextensive * * * [and] protect against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." (Citations omitted.) *State v. Genet*, 9th Dist. Wayne No. 19AP0030, 2020-Ohio-2662, ¶ 9.

{¶19}  While the trial court resolved this issue on the merits, the State argued below that Sullivan's argument was barred by res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. * * *
>
> Just as the petitioner's knowledge, at the time of trial, of the error of fact relied upon, or his fault in not discovering such error previously, will bar relief under a common-law writ of error coram nobis, such factors will also bar a comparable statutory (postconviction) remedy.

*State v. Perry*, 10 Ohio St.2d 175, 180-181 (1967); *see also State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.

{¶20}  The Supreme Court "has held many times that the plea of double jeopardy is [a] matter of defense which must be raised in the trial court o[r] it is waived." *Neal v. Maxwell*, 175 Ohio St. 201, 202 (1963).  The Supreme Court has also held that "an order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order." *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, ¶ 61.

{¶21}  Here, Sullivan's affidavit submitted in support of his petition evidences that, with respect to the Cuyahoga County case, he pleaded guilty to having weapons while under disability in August 2018.  The record further demonstrates that his indictment in the instant matter was filed in September 2018.  Evidence admitted at the hearing indicates an October 2018 report established that the weapon recovered in Cuyahoga County was the murder weapon.  Thus, Sullivan has not demonstrated that the information necessary to pursue this issue was unavailable to him during the course of the trial court proceedings.  *See State v. Jackson,* 10th Dist. Franklin No. 01AP-808, 2002-Ohio-3330, ¶ 45 ("To overcome the barrier of res judicata, a petitioner must attach evidence dehors the record that is competent, relevant and material and that was not in existence or available

for use at the time of the trial.") (Internal quotations omitted.); *see also State v. Thomas*, 9th Dist. Wayne No. 2762, 1993 WL 347107, *1-2 (Sept. 15, 1993).

**{¶22}** Accordingly, even if this Court were to conclude that the trial court erred in its analysis of the merits of Sullivan's double jeopardy argument, Sullivan has not demonstrated that the trial court's denial of his petition amounted to reversible error as Sullivan's argument is barred by res judicata.

**{¶23}** Sullivan's second assignment of error is overruled.

### III.

**{¶24}** Sullivan's assignments of error are overruled. The judgments of the Lorain County Court of Common Pleas are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                              _____

DONNA J. CARR
FOR THE COURT


SUTTON, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.