[Cite as *State v. Frazier*, 2023-Ohio-4222.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30568 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| COTY FRAZIER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 22 05 1735 |

DECISION AND JOURNAL ENTRY

Dated: November 22, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Coty Frazier appeals from judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Frazier was indicted by a grand jury on three counts of sexual battery in violation of R.C. 2907.03(A)(5), R.C. 2907.03(B), all felonies of the third degree. Mr. Frazier initially pleaded not guilty to all charges. Prior to the commencement of trial, Mr. Frazier moved to have the charges against him dismissed on speedy trial grounds. The trial court denied the motion to dismiss on the grounds that the frequent continuances in the matter were attributable to actions taken by Mr. Frazier in the form of his "requests and motions."

{¶3} The day before the trial was scheduled, Mr. Frazier withdrew his plea of not guilty. The State made a motion to amend Count Two of the indictment to the lesser included offense of attempted sexual battery in violation of R.C. 2923.03, R.C. 2907.03(A)(5)(B), a felony of the

fourth degree. The State dismissed Count Three of the indictment. Mr. Frazier then pleaded guilty to one count of sexual battery and one count of attempted sexual battery. The parties waived a presentence investigation and Mr. Frazier was sentenced. The trial court sentenced Mr. Frazier to one year in prison for the sexual battery count, and six months in prison for the attempted sexual battery count. The trial court ordered the sentences imposed be served consecutively.

{¶4} Mr. Frazier timely appealed, assigning one error for this Court's review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT VIOLATED [MR. FRAZIER]'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.**

{¶5} In his sole assignment of error, Mr. Frazier contends the trial court erred by not dismissing the charges against him on statutory speedy trial grounds. This Court disagrees.

{¶6} While Mr. Frazier assigns as error a constitutional speedy trial violation, he only argued to the trial court, and only argues on appeal, a statutory speedy trial violation. As this Court has previously noted, "because constitutional speedy trial guarantees may be found to be broader than speedy trial statutes," a constitutional right to a speedy trial must be analyzed separately from a statutory speedy trial right. *State v. Williams*, 9th Dist. Medina No. 2273-M, 1994 WL 135309, *2 (Apr. 20, 1994). However, because Mr. Frazier has not asserted a constitutional speedy trial argument below or on appeal, and because a guilty plea waives any complaint as to constitutional violations not related to the entry of the guilty plea, we will confine our analysis to Mr. Frazier's statutory speedy trial right. *Niederst v. Niederst*, 9th Dist. Summit No. 28846, 2018-Ohio-5320, ¶ 34 ("This Court will not review new theories asserted for the first time on appeal."); *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 105.

{¶7} "R.C. 2945.71 sets forth the statutory speedy trial right in Ohio." *State v. Harris*, 9th Dist. Summit No. 28229, 2017-Ohio-1150, ¶ 5. The Supreme Court of Ohio has long held that "[a] plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds[.]" *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph one of the syllabus, citing *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170 (1986). "Even where a criminal defendant filed a motion to dismiss on statutory speedy trial grounds in the trial court, the defendant waives the right to raise that issue on appeal by entering a plea of guilty to the charges against him." *Harris* at ¶ 5, citing *State v. Dyson*, 9th Dist. Wayne No. 09CA0055, 2010-Ohio-6452, ¶ 8-9. In this case, Mr. Frazier withdrew his plea of not guilty and pleaded guilty to the criminal charges after the trial court denied his motion to dismiss on statutory speedy trial grounds. Mr. Frazier's sole argument on appeal is that the trial court erred in denying his motion to dismiss pursuant to R.C. 2945.71, *et seq*. As Mr. Frazier waived this argument by pleading guilty, he cannot prevail on this assignment of error. *See Harris* at ¶ 5, *Dyson* at ¶ 8-9.

{¶8} Mr. Frazier's assignment of error is overruled.

III.

{¶9} Mr. Frazier's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

BETTY SUTTON
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attrney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.