[Cite as *State v. Cruz*, 2024-Ohio-1084.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.  22CA011994 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT CRUZ | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.  21CR103898 |

DECISION AND JOURNAL ENTRY

Dated: March 25, 2024

CARR, Judge.

{¶1} Defendant-Appellant Robert Cruz appeals, pro se, the judgment of the Lorain County Court of Common Pleas dismissing his petition for postconviction relief without a hearing. This Court affirms.

I.

{¶2} In March 2021, an indictment was filed charging Cruz with multiple serious felonies, including aggravated murder, murder, felonious assault, tampering with evidence, and gross abuse of a corpse. Several of the charges carried repeat violent offender specifications. The State contended that Cruz murdered M.O., that Cruz's girlfriend, J.M., was a material witness in the matter, and there was evidence that Cruz confessed to J.M. about his involvement in the crimes. The record reflects that, because of Cruz's attempts to deter J.M. from cooperating with the State, a no-contact order was issued. In addition, prior to trial, the State submitted a request to offer the

statements of J.M. without the opportunity for cross-examination pursuant to Evid.R. 804(B)(6). The State expressed concern that Cruz's actions would cause J.M. to be unavailable for trial.

{¶3} The matter proceeded to a jury trial. On the third day of the jury trial, a plea deal was reached. Cruz pleaded guilty to an amended indictment. The written plea agreement is in the record and reflects that the aggravated murder charge and the repeat violent offender specifications would be dismissed. In addition, the parties agreed to a sentence of life with parole eligibility after 15 years.

{¶4} The trial court sentenced Cruz to life with the possibility of parole after 15 years. The sentencing entry reflects that the sentence was jointly recommended by the prosecution, the victim's family and defense counsel. Cruz did not appeal. The entry was journalized April 12, 2022.

{¶5} On March 15, 2023, Cruz filed a petition for postconviction relief. Therein, Cruz argued that his trial counsel was ineffective in failing to have Cruz undergo a mental health evaluation and failing to use evidence and information available to trial counsel that J.M. was manipulated, lied to, and coerced by police into providing information against Cruz. Additionally, Cruz maintained that police coached J.M. and that, because of that, the indictment should have been dismissed. In support of his petition, Cruz submitted his own affidavit and that of J.M.

{¶6} The State opposed the petition asserting that Cruz had not met the standard to warrant a hearing and that his petition was barred by res judicata. On April 20, 2023, the trial court issued an entry concluding that Cruz failed to meet his initial burden of demonstrating substantive grounds entitling him to relief. The trial court thus dismissed the petition without a hearing.

{¶7} Cruz has appealed, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANT BY DENYING WITHOUT A HEARING HIS PETITION FOR POST-CONVICTION RELIEF WHERE DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO CONSIDER AND RAISE ISSUES RELATING TO THE DEFENDANT'S PSYCHIATRIC CONDITION PRIOR TO AND AT HIS SENTENCING HEARING.

**{¶8}** Cruz argues in his first assignment of error that the trial court erred in dismissing his petition as trial counsel was ineffective in failing to request a mental health evaluation of Cruz after trial counsel was made aware of Cruz's mental health issues.

**{¶9}** "In order to grant a hearing on a timely postconviction petition, the trial court must 'determine whether there are substantive grounds for relief.'" *State v. Bunch*, 171 Ohio St.3d 775, 2022-Ohio-4723, ¶ 23, quoting R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(D). "If the petition 'is sufficient on its face to raise an issue that the petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.'" *Bunch* at ¶ 23, quoting *State v. Milanovich*, 42 Ohio St.2d 46 (1975), paragraph one of the syllabus.

**{¶10}** "The Ohio Supreme Court has held that a court considering a petition for post-conviction relief may determine the credibility of affidavits without a hearing after considering 'all relevant factors.'" *State v. Meyerson*, 9th Dist. Summit No. 30260, 2023-Ohio-708, ¶ 27, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 285 (1999).

Those factors include: "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial."

*Meyerson* at ¶ 27, quoting *Calhoun* at 285. "A court that discounts the credibility of an affidavit should include an explanation of its basis for doing so * * * in order that meaningful appellate review may occur." (Internal quotations and citation omitted.) *Meyerson* at ¶ 27.

{¶11} "If the record on its face demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition. R.C. 2953.21(D) and (E). If the record does not on its face disprove the petitioner's claim, then the court is required to 'proceed to a prompt hearing on the issues.'" *Bunch* at ¶ 24, quoting R.C. 2953.21(F).

{¶12} "When a trial court exercises its 'gatekeeping' function by determining that the petitioner has not alleged sufficient operative facts that would establish the substantive grounds for relief, our review is a two-step process." *State v. Mills*, 9th Dist. Summit No. 29190, 2019-Ohio-2416, ¶ 17, quoting *State v. El-Jones,* 9th Dist. Summit No. 26616, 2013-Ohio-3349, ¶ 5. "First, we must determine whether the trial court's findings of fact are supported by competent and credible evidence. If this Court concludes that the findings are properly supported, then this Court reviews the trial court's decision in regard to its gatekeeping function for an abuse of discretion." *Mills* at ¶ 17, quoting *El-Jones* at ¶ 5. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

When a petitioner's post-conviction claim sounds in ineffective assistance of counsel, a trial court must analyze his * * * claim under the two-step test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, the petitioner must show

that (1) counsel's performance was deficient, and (2) the deficiency prejudiced him. *Strickland* at 687.

In the context of a guilty plea, prejudice will lie only if there is a reasonable probability that, but for * * * counsel's error, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. To that end, ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

*State v. Sullivan*, 9th Dist. Lorain No. 19CA011454, 22CA011859, 2023-Ohio-3520, ¶ 10, quoting *State v. Smith*, 9th Dist. Summit Nos. 29779, 29780, 2021-Ohio-1177, ¶ 9. "[I]neffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea." *Smith* at ¶ 9, quoting *State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 16.

{¶13} The trial court noted in its decision that the only additional information provided to the trial court with respect to this issue was Cruz's self-serving affidavit, which it found, even if credible, did not indicate Cruz was insane at the time of the crimes and did not set forth sufficient operative facts to establish substantive grounds for relief. The trial judge, who also presided at Cruz's trial, indicated that the evidence at trial showed that Cruz took steps to conceal his crimes, evidencing that Cruz was not insane at the time of the crimes thereby negating the viability of an insanity defense. *See State v. Smith*, 9th Dist. Summit No. 24382, 2009-Ohio-1497, ¶ 10-15.

{¶14} In his affidavit, Cruz essentially asserts that he was heavily medicated for serious mental health issues while being held at the county jail. He alleged that multiple individuals, including trial counsel, suggested he should receive a mental health evaluation, and yet none was ever conducted. Cruz stated that, in the absence of a mental health evaluation, he was prevented from preparing a defense based upon his mental health and that the medications prevented him from comprehending the mental health options available to him. Cruz's affidavit as it relates to this issue is repetitive, appears to be based in part on hearsay, and fails to explain in any detail how

Cruz's mental health conditions and lack of a mental health examination rendered his plea not knowing and voluntary. *See Sullivan* at ¶ 10. Moreover, Cruz's statements do not evidence that he was incapable of knowing the wrongfulness of his conduct, *see* R.C. 2901.01(A)(14), such that an insanity defense would have been viable. *See Smith*, 2009-Ohio-1497, at ¶ 10-15. Cruz also has not contested on appeal the trial court's findings that the testimony at trial supported that Cruz took steps to cover up his crimes, thereby also evidencing that Cruz was not insane at the time the crimes were committed.

{¶15} Cruz has failed to demonstrate that he set forth sufficient operative facts to evidence that trial counsel was ineffective in failing to request that Cruz undergo a mental health evaluation. Again, we are mindful that Cruz pleaded guilty and thus his arguments must be viewed through the lens of whether any deficiency on the part of trial counsel impacted Cruz's decision to plead guilty. *See Sullivan*, 2023-Ohio-3520, at ¶ 10. Here, Cruz has not even demonstrated that his petition was sufficient on its face to raise an issue that trial counsel's performance was deficient; Cruz has not challenged the trial court's findings that the record supports that an insanity defense would have been unsuccessful. *See Smith*, 2009-Ohio-1497, at ¶ 10-15. Nor has he detailed how his mental health condition rendered his plea not knowing and voluntary. *Sullivan* at ¶ 10.

{¶16} To the extent that Cruz has argued that the lack of a mental health evaluation prevented mitigation evidence from being offered at sentencing, Cruz did not raise this argument below, and thus, it cannot be addressed here. *Mills*, 2019-Ohio-2416, at ¶ 13. Moreover, even if it could be addressed, Cruz was sentenced to an agreed upon sentence, which also happened to be the minimum sentence authorized by law given the charges. R.C. 2929.02(B)(1). Thus, Cruz cannot demonstrate that a lack of a mental health evaluation impacted his sentence.

{¶17} Cruz's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY DENYING APPELLANT'S POST-CONVICTION PETITION WHERE TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO INVESTIGATE WHETHER DETECTIVE TABITHA ANGELLO COERCED AND INTIMIDATED THE WITNESS WHICH CAUSED [J.M.] TO GIVE FALSE TESTIMONY TO THE GRAND JURY.

{¶18} Cruz essentially argues in his second assignment of error that the trial court erred in dismissing his petition without a hearing because trial counsel was ineffective in failing to bring to light the fact that J.M. provided false testimony to the grand jury and at trial. Cruz maintains that J.M. was coerced, lied to, and threatened by the police into testifying as she did and that her affidavit, wherein she recants, supports that conclusion.

{¶19} The standard of review and law set forth above also applies to this assignment of error. Thus, "[i]n the context of a guilty plea, prejudice will lie only if there is a reasonable probability that, but for * * * counsel's error, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. To that end, ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily." *Sullivan*, 2023-Ohio-3520, at ¶ 10, quoting *Smith*, 2021-Ohio-1177, at ¶ 9. "[I]neffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea." *Smith*, 2021-Ohio-1177, at ¶ 9, quoting *Emich*, 2018-Ohio-627, at ¶ 16.

{¶20} The trial court concluded in its judgment entry that J.M. provided consistent details regarding the crimes during trial on direct and redirect; testimony which occurred long after the alleged coercion took place. The trial court found that trial counsel questioned J.M. about possible coercion and also determined that J.M.'s affidavit was "questionable in terms of motive[]" given that she admitted at trial that she was still in love with Cruz and the two had had a romantic

relationship in the past. *See Meyerson*, 2023-Ohio-708, at ¶ 27. Cruz has not challenged these findings.

**{¶21}** First, we note that all of Cruz's allegations relate to events that occurred prior to his plea and he has not explained in any detail how they prevented his plea from being knowing and voluntary. *See Smith*, 2021-Ohio-1177, ¶ 9; *Sullivan* at ¶ 10. Notwithstanding the foregoing, the trial court's concerns about J.M.'s affidavit are also supported by the record presented to this Court. On multiple occasions, the State expressed concern about Cruz's efforts to inappropriately influence J.M.; the State sought and received a no-contact order with respect to J.M.'s and Cruz's interactions, sought to utilize Evid.R. 804(B)(6) if J.M. became unavailable to testify at trial, and requested that J.M. be designated a material witness. In other words, there was overwhelming evidence in the record that Cruz, as opposed to the police, attempted to coerce and manipulate J.M. In the context of motions for new trial, this Court has noted that "[r]ecanting affidavits and witnesses are viewed with extreme suspicion because the witness, by making contradictory statements, either lied at trial, or in the current testimony, or both times." *State v. Davis*, 9th Dist. Summit No. 30231, 2023-Ohio-1657, ¶ 49, quoting *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 29. Cruz has failed to show that the trial court erred in viewing J.M.'s affidavit with suspicion or abused its discretion in ultimately concluding that Cruz failed to meet the standard to obtain a hearing on his petition with respect to this issue.

**{¶22}** Cruz's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY DENYING APPELLANT'S POST-CONVICTION PETITION WHERE THE TRIAL COURT CANNOT PROVE THAT THE DEFENDANT'S GUILTY PLEA WAS VOLUNTARY, KNOWING AND INTELLIGENT.

**{¶23}** Cruz argues in his third assignment of error that the trial court erred in denying his petition for postconviction relief because the trial court could not prove that Cruz's plea was voluntary, knowing, and intelligent.

**{¶24}** This argument appears to relate to the trial court's statements in its conclusions of law. Therein, the trial court noted that Cruz had pleaded guilty, and, therefore, any claim of ineffectiveness was waived except to the extent it impacted the voluntary, knowing, and intelligent nature of the plea. The trial court then stated that, upon review of the plea entries and transcript, the trial court was convinced that Cruz's plea was made knowingly, voluntarily, and intelligently. The trial court then went on to analyze Cruz's actual arguments raised in his petition. Cruz did not argue in his petition that his plea was not voluntary, knowing, and intelligent. Accordingly, Cruz has not demonstrated that the trial court's statements about Cruz's plea were determinative as to the resolution of the arguments raised in Cruz's petition. As discussed above, Cruz did not demonstrate that the trial court erred in dismissing his petition based on the arguments he raised.

**{¶25}** Cruz's third assignment of error is overruled.

### III.

**{¶26}** Cruz's assignments of error are overruled. The judgment of the Lorian County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ROBERT CRUZ, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.